# United States Court of Appeals for the Federal Circuit

---

RADIO SYSTEMS CORPORATION
AND INNOTEK, INC.,
*Plaintiffs-Appellees,*

v.

TOM LALOR AND
BUMPER BOY, INC.,
*Defendants-Appellants.*

---

2012-1233

---

Appeal from the United States District Court for the Western District of Washington in No. 10-CV-0828, Judge Robert S. Lasnik.

---

Decided: March 6, 2013

---

R. BRADFORD BRITTIAN, Merchant & Gould, P.C., of Alcoa, Tennessee, argued for plaintiffs-appellees. With him on the brief was JOHN T. WINEMILLER. Of counsel was MATTHEW J. STARK.

PHILIP P. MANN, Mann Law Group, of Seattle, Washington, argued for defendants-appellants. With him on the brief was JOHN WHITAKER, Whitaker Law Group, of Seattle, Washington.

Before NEWMAN, MOORE, and REYNA, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* Moore.

Opinion concurring-in-part and dissenting-in-part filed by *Circuit Judge* NEWMAN.

MOORE, *Circuit Judge*.

In this declaratory judgment action, Tom Lalor and Bumper Boy, Inc. (collectively, Bumper Boy) appeal from the district court's grant of summary judgment that Radio Systems and Innotek (collectively, Radio Systems) do not infringe two related Bumper Boy patents. *See Radio Systems Corp. v. Lalor*, No. C10-828RSL, 2012 WL 254026 (W.D. Wash. Jan. 26, 2012) (*Summary Judgment Order*). For the reasons set forth below, we **affirm-in-part**, **reverse-in-part**, and **remand** for proceedings consistent with this opinion.

BACKGROUND

This case involves two of Bumper Boy's patents on improvements to electronic animal collars, U.S. Patent Nos. 6,830,014 and 7,267,082. The '082 patent is a continuation-in-part of the '014 patent. Although the '082 patent contains some new matter, there is no dispute that the asserted claims from the '082 patent are supported by the '014 patent specification. Both patents generally disclose and claim a collar (pictured below) having a contoured collar housing (12), front surface (14), back surface (15), outside surface (16), and inside surface (18). The patents additionally disclose that the inventive collar includes one or more "high point surfaces" (C, D and E) that extend the inside surface of the collar above the base of electrodes 24 toward the animal "to relieve and distribute the load caused by collar tension around the animal's

neck" and to "make it easier to properly tension the collar and reduce[] the discomfort and sores caused by electrodes jabbing into the animal's neck." '014 patent col. 2 ll. 26-44, col. 1 l. 47 – col. 2 l. 11.



'014 patent figs. 3 & 4.

In February 2005, Bumper Boy sent Innotek a demand letter stating that Innotek's UltraSmart collar infringed the '014 patent and that Innotek must take a license or cease all manufacturing and destroy all sales inventory. The letter did not mention the '082 patent, which issued in September 2007 from an application filed in December 2005. In April 2005, Innotek responded to Bumper Boy's demand letter, contending that its "Elite Receiver" collar was "prior art [that] invalidates the claims of the '014 patent." Bumper Boy took no subsequent action for over four years. In the meantime, Innotek continued making and selling the UltraSmart collar and developed other designs, including the GS-011 and FieldPro collars. In September 2006, Radio Systems acquired Innotek and released the SD-1825 collar, which was based on an earlier Innotek design.

In November 2009, Bumper Boy sent Radio Systems a demand letter accusing the Innotek UltraSmart and Radio Systems SD-1825 collars of infringing both the '014

and '082 patents and demanding that Radio Systems take a license or stop manufacturing the collars and destroy all sales inventory. In May 2010, Radio Systems filed this action seeking declarations of noninfringement and invalidity and Bumper Boy counterclaimed for infringement. Bumper Boy accused several products based on four basic collar designs (UltraSmart, GS-011, FieldPro, and SD-1825) of infringing '014 patent claims 1, 4, 5, 7, 16, 17, and 18 and '082 patent claims 1, 3, 4, 6, 15, and 17. Claim 1 of the '014 patent is representative of the claims at issue:

> An animal collar designed for attachment to an animal comprising:
>
> a collar housing having an ***inside surface*** directed toward the animal during use; and
>
> at least one electrode intersecting ***said inside surface*** at an ***electrode base*** and extending toward the animal during use;
>
> ***said inside surface*** having at least one high point surface extending above ***said electrode base*** and toward the animal during use.

'014 patent claim 1 (emphases added). The district court construed "inside surface" as "the portion of the collar housing facing inwards towards the animal" and "electrode base" as "the portion of the electrode where it intersects the inside surface of the collar housing." *See Summary Judgment Order*, 2012 WL 254026, at *5. Following claim construction, Radio Systems moved for summary judgment of noninfringement and invalidity. The district court denied summary judgment of invalidity but granted summary judgment of noninfringement. It concluded that the accused GS-011, FieldPro, and SD-1825 collars did not infringe any of the asserted claims as construed and that equitable estoppel barred Bumper Boy

from accusing the UltraSmart collar of infringing either patent.

Bumper Boy appeals, arguing that the court's equitable estoppel analysis is erroneous and that its constructions of "electrode base" and "inside surface" and application of those constructions to the accused products are erroneous. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

A.

Claim construction is a matter of law, which we review *de novo*. *ICU Med., Inc. v. Alaris Med. Sys. Inc.*, 558 F.3d 1368, 1374 (Fed. Cir. 2009). We review summary judgment decisions under regional circuit law. *Lexion Med., LLC v. Northgate Techs., Inc.*, 641 F.3d 1352, 1358 (Fed. Cir. 2011). In the Ninth Circuit, summary judgment decisions are reviewed *de novo*. *Greater Yellowstone Coalition v. Lewis*, 628 F.3d 1143, 1148 (9th Cir. 2010). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

At issue in this case are the constructions of two claim terms: "electrode base" and "inside surface." Claim 1 recites a collar having "at least one electrode intersecting said *inside surface* at an *electrode base* and extending toward the animal during use" and "said *inside surface* having at least one high point surface extending above said *electrode base* and toward the animal during use." '014 patent claim 1 (emphasis added). In the figures below, the patents illustrate electrode 24 that intersects inside surface 18 at electrode base 26. The figures illustrate a high point surface C—a raised portion of inside

surface 18—extending above electrode base 26 toward the animal. The patent also discloses an optimal configuration: for the distal end 28 of electrode 24 to extend above high point surface C (line 32 with endpoint X) by 3/8 of an inch or less.



FIG. 8                                    FIG. 9

'014 patent figs. 8-9; *id.* col. 5 ll. 1-5, col. 5 ll. 12-18, col. 6 ll. 6-11; *see also id.* figs. 3-9.

The district court construed "inside surface" as "the portion of the collar housing facing inwards towards the animal" and "electrode base" as "the portion of the electrode where it intersects the inside surface of the collar housing." *See Summary Judgment Order*, 2012 WL 254026, at *5. In granting summary judgment, the district court applied its constructions to the GS-011, FieldPro, and SD-1825 collars and determined that there was no genuine issue of material fact that the electrode bases of the two electrodes in these collars (depicted below) are at the points labeled X because points X are where the electrodes intersect with the inside surface of the collar housing. *Summary Judgment Order*, 2012 WL 254026, at *5-6. The district court concluded that the GS-

011, FieldPro, and SD-1825 collars do not infringe because they do not have a high point surface that extends the inner surface of the collar past the horizontal line created by points X. *Id.*



*Summary Judgment Order*, 2012 WL 254026, at *5 n.5 (color added).

Bumper Boy states that the district court erroneously construed the "electrode base" and "inside surface" claim terms. Its real dispute, however, appears to be with the court's application of its constructions to the accused products and not the constructions themselves. Bumper Boy argues that the "electrode bases" in the three accused collars are not at points X as the district court found but are instead at points Y. Bumper Boy argues that the "horizontal surfaces on which points 'X' are located" are not part of the inside surface of the collar housing because they "do not, and cannot, contact the animal's skin during use." Instead, argues Bumper Boy, when the electrode tips (black cone-shaped structures with threaded posts) are "screwed into the points 'X' [they] completely cover each surface and prevent any such contact from taking place."

We agree with Radio Systems that the district court correctly construed "electrode base" and "inside surface." The claim language recites an "inside surface directed toward the animal during use" and an "electrode intersecting said inside surface at an electrode base and extending toward the animal during use." '014 patent claim 1. The '014 patent specification explains that the inventive collar includes "a collar housing having an inside surface directed toward the animal during use" and "electrodes or sensors that extend from or through an inside surface of the collar housing into the skin of the animal during use." '014 patent col. 2 ll. 30-31. The '014 patent further discloses that a collar's electrodes may extend from a raised inside surface. '014 patent col. 4 ll. 3-29, figs. 1 & 2. The district court's constructions of "electrode base" and "inside surface" are thus fully supported by both the claim language and the specification.

We also agree with Radio Systems that the district court correctly applied its constructions to the accused GS-011, FieldPro, and SD-1825 collars. In these products, the electrode tips have threaded posts that screw into receptacles that form part of the inside surface of the collar housing. The district court correctly concluded that the electrode bases in these products are at the points X (depicted above), where the electrodes intersect with the inside surface of the collar housing. As a result, these three products do not have a high point surface extending the inside surface of the collar housing past the line created by the electrode bases (points X) and thus do not infringe. We agree with the district court that no genuine issue of material fact exists regarding the location of the electrode bases in the accused GS-011, FieldPro, and SD-1825 products and that these products do not have the required high point surface. Accordingly, we *affirm* the district court's judgment of noninfringement for these three products.

B.

Although we review summary judgment decisions *de novo*, the applicability of equitable estoppel is "committed to the sound discretion of the trial judge." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc). A district court's decision to apply the equitable estoppel doctrine is "reviewed by this court under the abuse of discretion standard." *Id.* Three elements are required for equitable estoppel to bar a patentee's suit: (1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim. *Id.*

For the fourth accused collar design, the UltraSmart collar, the district court based its grant of summary judgment of noninfringement as to both the '014 and '082 patents on the doctrine of equitable estoppel. *Summary Judgment Order*, 2012 WL 254026, at *7-10. Indeed, Radio Systems did not argue noninfringement of the UltraSmart collar except under equitable estoppel. The district court found that Bumper Boy unquestionably misled Innotek through its 2005 demand letter and subsequent silence for over four and a half years. The court also found that Innotek relied on this silence by significantly expanding its product line and by being acquired by Radio Systems. The court found that Innotek's investment in new products constituted economic prejudice. The court concluded that equitable estoppel applied to Bumper Boy's allegations against Innotek. The court further reasoned that equitable estoppel also barred Bumper Boy's allegations against Radio Systems because

it (1) wholly owns Innotek, (2) is headed by the same individual as Innotek, (3) purchased Innotek to incorporate its designs and products into its own product lines, and (4) exerts substantial control over Innotek.

In granting summary judgment of noninfringement, the district court found that Bumper Boy was equitably estopped from alleging that the Radio Systems UltraSmart collar infringed the '014 and '082 patents. *Summary Judgment Order*, 2012 WL 254026, at \*6; *Radio Systems Corp. v. Lalor*, No. C10-828RSL, 2012 WL 555092, at \*2-3 (W.D. Wash. Feb. 21, 2012) (denying Radio Systems' motion for reconsideration).

Bumper Boy argues that equitable estoppel does not bar its claims against Radio Systems because Radio Systems neither knew about Bumper Boy's demand letter to Innotek nor relied on Bumper Boy's silence after Innotek responded. Bumper Boy argues that the district court's extension of equitable estoppel to Radio Systems was erroneously based on assignor estoppel cases. Bumper Boy argues that assignor estoppel is fundamentally different from equitable estoppel because equitable estoppel requires proof of detrimental reliance while assignor estoppel does not. Bumper Boy argues that equitable estoppel can apply, if at all, only to Innotek because Radio Systems is a different legal entity and must independently show detrimental reliance. Alternatively, Bumper Boy argues that even if equitable estoppel does apply to the '014 patent, it cannot apply to the '082 patent because Bumper Boy "never accused either Innotek or Radio Systems of infringing the '082 patent prior to November 2009."

Radio Systems argues that the district court correctly concluded that Radio Systems stands in the shoes of Innotek as its successor-in-interest and is thus entitled to the benefit of equitable estoppel. Radio Systems argues

that the district court did not abuse its discretion in applying equitable estoppel to the '082 patent because the district court properly treated the two related patents as one for purposes of equitable estoppel.

As to the '014 patent, we hold that the district court did not abuse its discretion in concluding that equitable estoppel barred Bumper Boy's infringement claims on the UltraSmart collar against Innotek. With respect to Innotek, all three elements of equitable estoppel are present and Bumper Boy does not contest the district court's factual findings. We also hold that the district court did not abuse its discretion in concluding that equitable estoppel barred Bumper Boy's infringement claims against Radio Systems, Innotek's successor-in-interest. Our precedent confirms that equitable estoppel applies to successors-in-interest where privity has been established. *See Jamesbury Corp. v. Litton Indus. Prods., Inc.*, 839 F.2d 1544, 1555 (Fed. Cir. 1988), *overruled on other grounds by Aukerman*, 960 F.2d at 1042 ("The district court properly held Litton liable for the knowledge of [predecessor-in-interest] Contromatics. . . . Litton is entitled to rely on the lack of communication to Contromatics, as well as to itself, following the letter."). The district court's privity findings are not challenged on appeal. Accordingly, we hold that the district court did not abuse its discretion in concluding that equitable estoppel applied to Bumper Boy's '014 patent infringement allegations on the UltraSmart collar against both Innotek and its successor-in-interest, Radio Systems.

We conclude, however, that the district court abused its discretion in extending equitable estoppel to the '082 patent. The first notice of infringement to Radio Systems regarding the '082 patent was in Bumper Boy's November 2009 demand letter. Regardless of whether the '082 patent claims are supported by the subject matter in the

'014 patent—and therefore entitled to claim priority to its filing date—the patents contain claims of different scope. Quite simply, the '082 patent claims could not have been asserted against Innotek or Radio Systems until those claims issued. *See* 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent."); *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) (holding that no case or controversy exists unless patent has issued prior to filing suit). As a result, the elements of equitable estoppel are not present with respect to the '082 patent. There is simply no misleading conduct or silence by Bumper Boy to indicate that it did not intend to enforce the '082 patent against Radio Systems. Not surprisingly, there is also no evidence that Radio Systems actually relied on such misleading conduct or silence. As to the '082 patent, we conclude that the district court abused its discretion by granting summary judgment of noninfringement for the UltraSmart collar on the basis of equitable estoppel. We therefore ***reverse*** the district court's judgment in this respect and ***remand*** for proceedings consistent with this opinion.

## C.

Radio Systems argued in its responsive appellate brief that invalidity is an alternative ground for affirming the district court's judgment. Appellees' Resp. Br. 29-36. Bumper Boy, in its reply brief, moved to strike this argument because such an affirmance would enlarge the scope of the district court's judgment. Appellants' Reply Br. 19-21. Bumper Boy contends that Radio Systems was required by legal precedent and the rules of this court to raise invalidity in a cross appeal.

We agree with Bumper Boy. The Supreme Court has long recognized that "[a]bsent a cross appeal, an appellee . . . may not attack the decree with a view either to enlarg-

ing his own rights thereunder or of lessening the rights of his adversary." *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) (internal quotation marks and citation omitted). We have held that a judgment of invalidity is broader than a judgment of noninfringement. "[A] determination of infringement applies only to a specific accused product or process, whereas invalidity operates as a complete defense to infringement for any product, forever." *Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) (internal quotation marks and citation omitted). Thus, invalidity cannot be an alternative ground for affirming a judgment of noninfringment absent a cross-appeal. *See id.* at 1157 n.4 ("In that situation [where the appellee urges invalidity as a ground on which to support a judgment of noninfringement] a cross appeal is necessary since a judgment of invalidity is broader than a judgment of noninfringement." (citation omitted)).

While we acknowledge the inefficiency that may result from requiring cross-appeals in situations where the scope of a judgment would be enlarged, we are cabined by our jurisdiction and may not reach issues that are not properly before us. On remand, Radio Systems may pursue its invalidity defense in further proceedings, and, should there be additional rulings on invalidity by the district court, Radio Systems may pursue a proper appeal at that time. Because Radio Systems did not properly file a cross-appeal on the invalidity issue in this appeal, Bumper Boy's motion to strike Radio System' alternative grounds for affirmance is ***granted***.

CONCLUSION

We affirm the district court in all but one respect. The district court correctly granted summary judgment of noninfringement on the GS-011, FieldPro, and SD-1825

collar designs based on its claim constructions. Accordingly, we affirm the judgment in this respect. We conclude that the district court did not abuse its discretion in granting summary judgment that the UltraSmart collar does not infringe the '014 patent based on equitable estoppel. We also hold, however, that the district court abused its discretion in relying on equitable estoppel for the '082 patent. Accordingly, for the '014 patent, we affirm the district court's judgment of noninfringement. For the '082 patent, we reverse the judgment of noninfringement and remand for proceedings consistent with this opinion. We have considered the remaining arguments on appeal and conclude that they lack merit.

**AFFIRMED-IN-PART, REVERSED-IN-PART**, AND
**REMANDED.**

COSTS

No Costs.

# United States Court of Appeals for the Federal Circuit

---

**RADIO SYSTEMS CORPORATION**
AND **INNOTEK, INC.,**
*Plaintiffs-Appellees,*

**v.**

**TOM LALOR** AND
**BUMPER BOY, INC.,**
*Defendants-Appellants.*

---

2012-1233

---

Appealed from the United States District Court for the Western District of Washington in No. 10-CV-0828, Judge Robert S. Lasnik.

---

NEWMAN, *Circuit Judge*, concurring in part, dissenting in part.

I agree with the ruling that the district court correctly construed the claim terms "electrode base" and "inside surface," and I agree with the resultant affirmance of the district court's judgment of non-infringement of the '014 patent as to Radio Systems' accused GS-011, FieldPro, and SD-1825 models. As to the UltraSmart collar, the only issue decided by the panel majority is whether equitable estoppel applies; the district court did not decide infringement as to this model. I agree that equitable estoppel arose on the five years of silence after Bumper

Boy's accusation of infringement of the '014 patent in February 2005. However, I would also apply estoppel to the '082 patent. And, unlike the panel majority, I would reach the issue of validity, which was decided by the district court and asserted by Radio Systems as an alternative ground for affirming the judgment in its favor.

I

I would affirm the district court's ruling that estoppel applies not only to the '014 patent but also to the continuation-in-part '082 patent. The subject matter of the '082 claims in suit is disclosed and described in the '014 patent, and these claims do not draw on any new matter. The new matter added in the '082 patent relates to a stretchable insert in the collar, a feature absent from all of the '082 claims in suit. The force of equitable estoppel cannot be escaped by including previously disclosed but unclaimed subject matter in a continuation-in-part patent.

The district court did not abuse its discretion in finding that equitable estoppel applies to the '082 as well as the '014 patent. From my colleagues' contrary ruling, I respectfully dissent.

II

The panel majority does not reach the district court's holding that the two patents in suit are valid, holding that validity was not appealed. Radio Systems argues invalidity as an alternative ground of affirmance of the district court's judgment of no liability. The panel majority rules that invalidity cannot be reviewed on this appeal, although it was decided by the district court. Radio Systems fully briefed invalidity on appeal. Bumper Boy had an opportunity to respond, but chose not to discuss validity.

Radio Systems prevailed in the district court; the court entered judgment "in favor of plaintiffs [Radio

Systems] and against defendants [Bumper Boy]." *Radio Sys. Corp. v. Lalor*, No. 10-cv-0828 (W.D. Wash. Jan. 26, 2012), ECF No. 111 ("Judgment"). Thus Radio Systems was not required to file a cross-appeal, for as prevailing party it had no right of appeal. *See Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n.1 (Fed. Cir. 1989) (filing of "'cross-appeal' for the 'sole purpose of preserving [the] right to offer arguments in support of the judgment' is improper.").

My colleagues hold that because no cross-appeal was filed, invalidity cannot be raised by Radio Systems in defense of the judgment in its favor. That is incorrect. The prevailing party need not file a cross-appeal in order to defend a judgment in its favor on any ground that is supported by the record. *Jaffke v. Dunham*, 352 U.S. 280, 281 (1957) ("A successful party in the District Court may sustain its judgment on any ground that finds support in the record."); *Glaxo Group Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1371 (Fed. Cir. 1998) ("[A]n appellate court may affirm a judgment of a district court on any ground the law and the record will support so long as that ground would not expand the relief granted."); *Datascope*, 879 F.2d at 822 n.1 ("Appellees always have the right to assert alternative grounds for affirming the judgment that are supported by the record."); *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) ("[A] court of appeals may affirm the judgment of a district court on any ground, including grounds not relied upon by the district court."). Since validity was not considered on the appeal to this court, it may be considered in the remand proceeding.